**Joseph DAPKUNAS and Helen Dapkunas, h/w**

v.

**KEENE CORP., et al.**

**Civ. A. No. 85–2184.**

United States District Court, E.D. Pennsylvania.

July 18, 1986.

Hal C. Pitkow, Philadelphia, Pa., for plaintiffs.

Robert V. Dell'Osa, Philadelphia, Pa., for defendant—John Crane-Houdaille, Inc.

### MEMORANDUM AND ORDER

JAMES McGIRR KELLY, District Judge.

Presently before this court is defendant John Crane Houdaille, Incorporated's (Crane) motion for summary judgment.

The instant action involves claims for asbestos-related injuries. On April 25, 1985, plaintiffs Joseph and Helen Dapkunas filed a five-count complaint seeking damages for injuries they allegedly sustained as a result of husband plaintiff's purported exposure to asbestos and asbestos-containing products during the course of his employment with the Mobil Oil Corporation at its refinery in Paulsboro, New Jersey. The complaint states that husband plaintiff was an operator at the Paulsboro facility from 1945 to 1985.

Plaintiffs assert tort and contract causes of action against various manufacturers and suppliers of asbestos and asbestos-containing products, including Crane. It is alleged in these claims that Crane and other asbestos manufacturing defendants supplied to the Mobil Oil refinery the asbestos and asbestos-containing products to which husband plaintiff was allegedly exposed and which purportedly caused his injuries. The discovery deadline expired on February 1, 1986.

On or about May 15, 1985, Crane alleges it served interrogatories and a request for production of documents on all parties to this action, the purpose of which was to elicit information concerning the possible use by or exposure of plaintiff to any asbestos-containing products manufactured or supplied by Crane. Only co-defendants Fibreboard Corporation and Armstrong World Industries, Inc. responded to this discovery. Neither party identified any Crane product as having caused harm to plaintiff. Furthermore, no evidence of record suggests the husband plaintiff used or worked in the immediate vicinity of any John Crane product. Based on these facts, Crane now motions the court for an entry of summary judgment against plaintiffs and all cross-claimants.

I note that defendant Crane has not filed any motions to compel plaintiffs to respond to its interrogatories as provided for under Fed.R.Civ.P. 37.

Crane argues that a negative inference must flow from the absence of plaintiffs' response to the interrogatories which seek to discover the connection between its products and husband plaintiff's injuries. Further, Crane argues that the summary judgment motion has shifted the burden to plaintiff to establish a genuine issue of fact for trial. Thus, Crane suggests that plaintiff must come forward with affidavits, depositions, or other material which is permissible by Fed.R.Civ.P. 56 to establish a genuine issue for trial.

Crane cites, *inter alia*, for authority for its position, *Gans v. Mundy*, 762 F.2d 338 (3d Cir.1985) *cert. denied*, —— U.S. ——, 106 S.Ct. 537, 88 L.Ed.2d 467 (1985). Defendant Crane is of the position that *Gans* allows this court to infer from plaintiffs' alleged failure to respond to Crane's interrogatories a rebuttable presumption that plaintiffs lack evidence connecting up Crane's products with those which plaintiff husband used. Thus, it is Crane's position here that plaintiffs must on this summary judgment motion come forward with admissible evidence to establish a genuine triable issue. I do not agree with Crane's position. In *Gans* the Third Circuit Court of Appeals stated, "[t]he burden shifts to the opposing party when the (Rule 56) movant presents evidence which would require a directed verdict in his favor at trial." *Id.* at 343 quoting *Forms, Inc. v. American Standard, Inc.*, 546 F.Supp. 314, 321 (E.D.Pa. 1982) *aff'd mem.* 725 F.2d 667 (3d Cir. 1983). Indeed, in *Gans* the moving party submitted affidavits and other material for the court's consideration. Here, Crane has not submitted any outside material establishing the lack of connection between its products and plaintiff husband. Rather, Crane argues that a negative inference must be concluded from the lack of responses to its discovery requests.

In *Gans* the Third Circuit cautioned the use of summary judgment and stated: "This court has held that 'a party resisting a (Rule 56) motion cannot expect to rely merely upon bare assertions, conclusory allegations or suspicions'. *Ness v. Marshall*, 660 F.2d 517, 519 (3d Cir.1981)." *Id.* at 341 (emphasis added).

Symmetry of the law mandates that the moving party also may not rest upon suspicious and conclusory allegations to shift the burden on the summary judgment motion. Thus, Crane's position that the burden is shifted to plaintiffs here cannot be supported by its allegation that plaintiffs have failed to respond to its interrogatories in the absence of a motion to compel and for sanctions pursuant to Fed.R.Civ.P. 37.[1]

---

**1.** I do note that Crane also argues that two other defendants, who have answered its interrogato-

In *Gans,* the court "emphasized that 'summary judgment has been characterized as a 'drastic remedy' ... and that courts are to resolve any doubts as to existence of genuine issues of fact against the moving parties' ... [*Ness v. Marshall,* 660 F.2d 517, 519 (3d Cir.1981) (citation omitted)]." 762 F.2d at 341.

I do not see the judicial purpose of short circuiting the remedies available to a party under Fed.R.Civ.P. 37, namely compelling a party to answer interrogatories or even ordering sanctions, by now granting a summary judgment. Nor do I find it proper under the circumstances to grant the summary judgment. An appropriate order follows.

### ORDER

AND NOW, this 18th day of July, 1986, after hearing oral argument thereon, and examining the briefs of the parties, for the reasons set forth in the foregoing Memorandum, it is ORDERED that defendant John Crane-Houdaille Incorporated's motion for summary judgment is DENIED.

ries, have failed to connect up Crane's products

with the ones husband plaintiff used.